Birchard, C. J.
This case standing upon bill and answer under oath, the answer must be taken as true so far as it responds to the bill. The inquiry then is, do the facts thus stated, show that the complainant should be released from the payment of these notes ? The answer avers that Mrs. Parker had made an engagement to convey the land on a particular day, and that she relied at the making of the contract upon the personal security taken to secure the purchase money, and not on the land or on the vendor’s lien. That there was no agreement or understanding that she should look to any thing but to said personal security, yet that she was deceived and cheated out of her title by the complainant’s brother, her co-defendant. This case, so made by the answer, is in its material features quite variant from the. case made by the bill, and to which the arguments of complainant’s counsel are mostly applicable. As the case stands, there js no act done by Anna Parker which should release James Coombs, unless it is the conveyance to Benjamin before the payment of the purchase money. But that she avers was in pursuance of her contract. Is there any rule of equity which requires us to hold this act a release of the personal secu *292 rity of James ? The object in taking him as security, was that estate “'S'bt Pass by deed into the hands of the vendor and discharged of the vendor’s lien. It was for that reason only that Mrs. Parker’s claim for the purchase money was postponed to Mayham’s-Mortgage, 14 Ohio Rep. 437.
It ought not then to be held that the mere conveying of the land, according to the written contract, is a discharge of the surety. Mrs. Parker had a right to convey, nay, was bound to tender the deed on the day mentioned in the title bond. True she might have retained it for her own security until she received payment, but she was not bound to do so. She had made no contract to that effect, and all that James Coombs could require of her in equity was, that she should conduct honestly toward both himself and his principal; and honesty required from her a tender of the deed at the time agreed upon, and from Benjamin Coombs and the complainant a like tender to her of the sums due upon the notes. The power which she had of retaining the possession of the deed of conveyance after tender, until actual payment of the purchase money, was a mere incident to the contract, which the law permitted, and is in no sense to be regarded as a collateral security, which must be retained at the hazard of releasing sureties. Again, it is urged that complainant ought to be discharged on the ground of negligence in not placing upon record the mortgage. We think her acts in this respect are sufficiently explained by her answer. Shefyvas deceived by the bad conduct of complainant’s brother, and by means of his fraud was induced, greatly to her own prejudice, to deliver him a deed for one purpose which he used for another. If she had succeded in securing her claim by the means of the mortgage, and had then through negligence lost the security, she would also have lost all equitable claim upon complainant. But she failed in securing any thing by the mortgage. That was her misfortune, not her fault. The statute which requires a mortgage deed to be left for record before it can take effect, with the aid of B. Coombs in this case, effectually prevented Mrs. Parker from obtaining a security of any *293 So that if complainant is to be released for the neglect value. to record in time, he is released not because his adversary parted with or destroyed a mortgage security, which she ought to have held for his benefit, but because she was cheated by his principal, and could get no-such security to'part with.

Bill dismissed.